IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD STEPPE,

        Plaintiff,                    No. CIV S-08-1586 GEB KJM PS

    vs.

CALIFORNIA INSURANCE COMMISSIONER,

        Defendant.              <u>ORDER</u>

        /

        Plaintiff is proceeding in this action pro se. Plaintiff seeks relief pursuant to and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

/////

1    A claim is legally frivolous when it lacks an arguable basis either in law or in
2 fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
3 28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
4 indisputably meritless legal theory or where the factual contentions are clearly baseless.
5 Neitzke, 490 U.S. at 327.

6    A complaint, or portion thereof, should only be dismissed for failure to state a
7 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
8 of facts in support of the claim or claims that would entitle him to relief. Hishon v. King &
9 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
10 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a
11 complaint under this standard, the court must accept as true the allegations of the complaint in
12 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
13 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
14 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

15    It appears that plaintiff is attempting to state a claim for violation of constitutional
16 rights under 42 U.S.C. § 1983. It is not clear from the complaint whether plaintiff seeks only
17 prospective injunctive relief or whether monetary damages are also sought. The complaint
18 names as the defendant the California Insurance Commissioner. The Eleventh Amendment
19 serves as a jurisdictional bar to suits brought by private parties against a state or state agency
20 unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979);
21 Alabama v. Pugh, 438 U.S. 781 (1978) ( per curiam); Jackson v. Hayakawa, 682 F.2d 1344,
22 1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented to suit.
23 This action will therefore be dismissed with leave to amend.

24    If plaintiff chooses to amend the complaint, plaintiff must set forth the
25 jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil
26 Procedure 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted

in a deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted;

2. Plaintiff's complaint is dismissed; and

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED:  October 22, 2008.

_____
U.S. MAGISTRATE JUDGE

006
steppe.ifp-lta

3