IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD STEPPE,

    Plaintiff,                        No. CIV S-08-1586 GEB KJM PS

    vs.

CALIFORNIA INSURANCE COMMISSIONER,

    Defendant.                     FINDINGS AND RECOMMENDATIONS
_____/

        Plaintiff is proceeding in this action pro se and in forma pauperis. The complaint was dismissed with leave to amend. Plaintiff appealed that order, which appeal was dismissed for lack of jurisdiction. Plaintiff has filed an amended complaint.

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

In light of the record as a whole, the court construes the amended complaint to challenge enforcement of an administrative regulation, in alleging that the regulation impairs plaintiff's contractual rights with his insurance company. The challenged regulation became operative in 1993 and governs the settlement of insurance claims. See 10 Cal. Adm. Code § 2695.7. The subject vehicle covered by the insurance contract at issue is a 2005 model. At the time the insurance contract was entered into, it was subject to the administrative regulation challenged here. Plaintiff cannot prevail on his claim because there has been no impairment of contract. See General Motors Corp. v. Romein, 503 U.S. 181, 187 (1992) (inquiry as to violation of Article I, § 10 of the Constitution requires consideration of whether there is contractual relationship, whether change in law impairs that contractual relationship and whether impairment is substantial). Here, there was no change in law after plaintiff entered into the contractual relationship with the insurance company. Because it appears that further amendment would be futile, this action should be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 20, 2009.

_____
U.S. MAGISTRATE JUDGE

006/steppe.57